[No. 7820.   Department One.   June 3, 1909.]

TIFFT COMPANY, *Respondent*, v. STATE MEDICAL INSTITUTE,.
*Appellant*.[1]

INJUNCTION—GROUNDS — COTENANTS — IRREPARABLE DAMAGE—EVI-
DENCE—SUFFICIENCY.   In an action between cotenants the evidence
fails to show such substantial or irreparable injury as to warrant.
an injunction to restrain the partitioning of a common entrance to
a building, where the area or recess in the building would have been
divided so as to give defendant a four-foot passageway to a stairway
and the plaintiff a six-foot entrance to the back door of its saloon,
without any appreciable interference with light; since injunction
will rarely be granted in favor of a cotenant except in case of in-
solvency or partial destruction of the estate.

Appeal from a judgment of the superior court for King
county, Morris, J., entered May 12, 1908, granting to plain-
tiff an injunction, after a trial on the merits before the court..
Reversed.

*Jay C. Allen*, for appellant.

*Guie & Guie*, for respondent.

CHADWICK, J.—Robert Abrams is the owner of a building,.
located at the corner of Second Avenue South and Washing-
ton street, in the city of Seattle.   The Seattle Brewing &
Malting Company held a lease for the lower floor, and had
sublet to Tifft Company, a corporation, who occupied the
storeroom as a saloon.   The upper floor had been leased to
one Linde, who had sublet certain rooms, together with a
stairway leading down to Washington street, to the State
Medical Institute, a corporation.   The rooms occupied by
defendant were so arranged that the only entrance to them
was from Washington street.   There were three entrances
to the saloon, one on Second Avenue South, one on Washing-
ton street near the corner, and one on the same street leading
into the back part of the saloon.   The stairway spoken of

[1]Reported in 101 Pac. 1081.

landed flush with the back door of the saloon, on an area way about ten feet long with an inset of about four feet. The defendant had begun the erection of a partition between the landing of the stairway and the back door of the saloon, which, if carried out to the sidewalk line, would have divided the area or recess in the building, leaving an entrance four feet wide into the stairway and six feet wide into the saloon door. Upon this state of facts, plaintiff brought this action, alleging an interference with the entrance way to the saloon, a shutting off of light, and "incalculable damage." A trial on the merits was had in the court below, resulting in a decree perpetually enjoining defendant from the erection or maintenance of the partition, from which decree defendant has appealed.

The statement of the facts is a statement of the whole case, and the only question for review is whether the evidence warrants the findings of the trial court. The evidence shows that the light was not interfered with to any appreciable extent, and, bearing in mind the width of the recess, it would seem that we could say, in the absence of all testimony, that it would not. Nor does it appear how or why the free ingress or egress of patrons of the saloon could be interfered with by the existence of the partition. Upon the record now before us the damages, if any, are fanciful rather than real.

No authorities are cited by counsel that bear in any degree on the concrete question presented, but when we consider that the parties are in a sense tenants in common of the area or recess; and, without indulging in the citation of authorities upon elementary principles, that ejectment would not lie on the part of one cotenant against another, that trespass would not lie except in a case of complete ouster, and that the remedy of injunction is rarely indulged in favor of a cotenant, and then only upon a showing of insolvency, or that the threatened act will result in partial or total destruction of the estate, we may well say that respondent has

suffered no injury of which a court of equity will take notice.

In a somewhat similar case a tenant sought to enjoin his cotenant from the maintenance of a saloon in the common property. The court said:

"Manifestly, unless appellant suffers from the saloon some special injury to its property, not suffered·in common by the public—some substantial violation of its legal rights, and not a mere theoretical or fanciful wrong—it has no cause to complain." *Oglesby Coal Co. v. Pasco*, 80 Ill. 164.

It is a fundamental proposition that equity will not interfere by injunction unless the threatened wrong is substantial and irreparable in damages. Neither of these conditions is shown here.

The judgment of the lower court is reversed, and the cause remanded with instructions to dismiss the action for want of equity.

RUDKIN, C. J., GOSE, and FULLERTON, JJ., concur.

MORRIS, J., took no part.